UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:20-cv-01503-JLS-ADS | Date: May 05, 2021 |
| Title: Sara Pelayo et al v. Hyundai Motor America, Inc. et al | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                          Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 40)**

  Before the Court is a Motion to Dismiss filed by Defendants Hyundai Motor America and Kia Motors America ("Defendants").  (Mot., Doc. 40.)  Plaintiffs opposed, and Defendants replied.  (Opp., Doc. 48; Reply, Doc. 50.)  Having taken the matter under submission, and for the following reasons, the Court GRANTS IN PART Defendants' Motion to Dismiss.

**I.    BACKGROUND[1]**

  This is a putative class action involving alleged defects in Hyundai and Kia vehicles equipped with Gamma 1.6L GDI engines ("Gamma Engines").  Specifically, Plaintiffs allege that the Gamma Engines contain a defect "which cause[s] sudden stalling, excessive oil consumption, and premature engine failure as well as catastrophic and fast-moving fires while the vehicles are being driven[.]" (First Amended Complaint "FAC," Doc. 33, ¶ 5.)  Plaintiffs are residents of California, Florida, Missouri, Louisiana, and Virginia and who purchased Hyundai or Kia vehicles equipped with Gamma

---

[1]  For the purposes of Defendants' Motion to Dismiss, the Court deems the well-pleaded allegations of Plaintiffs' FAC to be true.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01503-JLS-ADS                                        Date: May 05, 2021
Title:  Sara Pelayo et al v. Hyundai Motor America, Inc. et al

Engines, which Defendants designed and manufactured.  Plaintiffs experienced engine failures and fires as follows:

- Sara Pelayo is a California resident who purchased a new 2016 Hyundai Accent in August 2016.  (First Amended Complaint ("FAC"), Doc. 33, ¶¶ 21-22).  On July 24, 2020, her engine stalled.  (*Id.* ¶ 27.)  The next day, Pelayo attempted to drive her vehicle again.  As she was driving, the vehicle stalled once more and produced strange noises. (*Id.* ¶ 28.)  The engine began to emit smoke and subsequently caught on fire.  (Id.)
- Plaintiffs Miles and Olivia McGregor ("the McGregors") are Florida citizens.  In August 2014, the McGregors purchased a new 2015 Kia Rio from Airport Kia, an authorized Kia dealer in Florida.  (*Id.* ¶¶ 34–35.)  On June 25, 2020, as Plaintiff Olivia McGregor was driving the vehicle, she heard a loud "pop" from the direction of the engine, and smoke began to pour from the hood.  After she vacated the car with her son, the engine caught on fire, and flames engulfed the engine compartment and driver's area of the car.  (*Id.* ¶¶ 41–42.)
- Plaintiff Sandra Morgan is a Louisiana citizen.  On August 6, 2019, Morgan purchased a new 2019 Kia Rio from Sparks Nissan Kia, an authorized Kia dealer in Louisiana.  (FAC ¶¶ 48–49.)  On January 12, 2020, Morgan drove the car to a church in Louisiana, parked the car, and turned the engine off.  As she gathered her belongings to exit, she thought she smelled smoke, and bystanders in the parking lot warned her that the vehicle was on fire.  Because the fire was visible moments after Morgan turned off the engine, she infers the fire started while her vehicle was in motion.  (*Id.* ¶ 54.)
- Plaintiffs Christina and Seth Martin ("the Martins") are Missouri citizens.  On August 22, 2016, the Martins purchased a new 2016 Kia Soul from Bob Sight Independence Kia, an authorized Kia dealer in Missouri.  (*Id*. ¶¶ 59–60.)  In 2018, the Martins received notice of a recall from Kia and promptly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01503-JLS-ADS     Date: May 05, 2021
Title: Sara Pelayo et al v. Hyundai Motor America, Inc. et al

- took their vehicle to the dealership, which performed a software update and informed them they were "good to go." (*Id.* ¶ 64.) Between January and June of 2020, the Martins took in their vehicle to the dealership for repair on four separate occasions because the check-engine light went on and the car was unable to accelerate past 30 miles per hour. (*Id.* ¶¶ 65–69.) On the third repair, the dealership replaced the engine. But the same acceleration and check-engine-light issue recurred as the Martins drove the vehicle home from the dealership. (*Id.* ¶¶ 66–68.) On the fourth repair, the dealership determined there was an issue with the fuel regulator, which it fixed. After a 20-mile test drive, the dealership assured the Martins that their vehicle was repaired and had no problems. (*Id.* ¶ 69.) On July 2, 2020, the Martins went to the dealer to pick up the vehicle. On the way home from the dealership, their car caught on fire. (*Id.* ¶¶ 70–72.)
- Plaintiff Dorothy Rice is a citizen of Virginia. In August 2019, Rice purchased a new Kia Rio sedan from Kia of Lynchburg in Virginia. (FAC ¶¶ 79–80.) On December 23, 2019, Rice's grandson was driving the vehicle and heard an intermittent ticking noise. (*Id.* ¶¶ 85–86.) Eventually, the ticking grew louder and he heard what sounded like an object falling from the vehicle onto the road. Almost immediately thereafter, flames emanated from below the vehicle. (*Id.* ¶¶ 86–87.)

Plaintiffs' vehicles were equipped with Gamma Engines. Plaintiffs allege that Defendants specifically designed the Gamma Engine "[to] produce more power on less fuel, so that Kia and Hyundai would be able to meet government fuel efficiency standards." (FAC ¶ 126.) All of the Gamma Engines are fuel injection engines, meaning gasoline is injected into the engine itself instead of through a carburetor. The Gamma Engines at issue here are gasoline direct injection ("GDI"), and gasoline is injected directly into the combustion chamber. Some newer models of Gamma Engines have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01503-JLS-ADS                                              Date: May 05, 2021
Title:  Sara Pelayo et al v. Hyundai Motor America, Inc. et al

indirect injection, or multipoint fuel injection ("MPI"), which injects gasoline into the intake ports upstream of each cylinder's intake valve.  (FAC ¶ 9.)

GDI engines are subject to higher pressure while in operation.  Because of the Gamma Engine's relatively smaller size compared to other 4-cylinder GDI engines, it experiences even higher pressure.  Moreover, because the GDI design requires the fuel valve to spray atomized fuel directly into the combustion chamber, the software of the engine control unit ("ECU") must be carefully designed and calibrated.  (FAC ¶ 128.)  Consequently, Plaintiffs aver, "the manufacturing, assembly, and quality control processes for producing and installing these engines must be both precise and robust[.]"  (FAC ¶ 129.)  Plaintiffs aver that a few years after introducing the Gamma Engines, Defendants had to ramp up production to meet demand.  According to Plaintiffs, because of this ramp up, "the quality of the workmanship in manufacturing the engines, including but not limited to their components such as the engine blocks, pistons, and bearings, to design specifications and in programming the control modules, suffered."  (FAC ¶ 131.)

Plaintiffs aver that, as early as 2009, Defendants were aware of the defect in the Gamma Engines based on pre-production testing and design failure mode analysis, quality control audits, early complaints to dealers and warranty claims, dealer audits, replacement part orders, Service Bulletins and complaints made to Defendants and NHTSA.  (FAC ¶ 15.)  Plaintiffs assert that Defendants continued to misrepresent the ability of their vehicles to provide safe, reliable transportation, and misled Plaintiffs.

Plaintiffs allege that the Class Vehicles are covered under one or more warranties.  Specifically, the FAC alleges that Defendants "[b]oth provide a New Vehicle Basic Warranty, which provides bumper-to-bumper coverage for 5 years or 60,000 miles and a Powertrain Limited Warranty for powertrain components for 10 years or 100,000 miles."  (FAC ¶ 14.)  The FAC alleges that because the defect was present at the time of sale or lease, but concealed from Plaintiffs, Defendants were required to repair the class vehicles under the terms of the warranties free of charge, but that they have failed to permanently repair or replace the defective parts free of charge under the warranties because Defendants have failed to acknowledge the scope and extent of the defect.  (FAC ¶ 16.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01503-JLS-ADS                                              Date: May 05, 2021
Title:  Sara Pelayo et al v. Hyundai Motor America, Inc. et al

    Plaintiffs seek to represent a nationwide class consisting of "[a]ll individuals in the United States who purchased or leased Hyundai or Kia brand vehicles with a 'Gamma' 1.6L engine." (FAC ¶ 188.)[2] The Class Vehicles include nine types of Kia and Hyundai brand cars with model years between 2009 to present.[3] (FAC ¶ 2 fn. 1.) The FAC contains 12 claims for (1) violation of California's Consumer Legal Remedies Act ("CLRA"); (2) breach of express warranty; (3) breach of implied warranty; (4) fraud by omission/fraudulent concealment; (5) unjust enrichment; (6) violation of California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1791, *et seq.*;  (7) violation of California's Unfair Competition Law ("UCL"); (8) violation of the Florida Unfair and Deceptive Trade Practices Act ("FUDTP");  (9) breach of the Warranty against Redhibitory Defects under Louisiana law, La. Civ. Code Ann. Art. 2520, 2524; (10) violation of the Louisiana Product Liability Act ("LPLA"); (11) violation of  the Missouri Merchandising Practices Act ("MMPA"); and (12) violation of the Virginia Consumer Protection Act ("VCPA").  (FAC ¶¶ 195–392.)  Defendants now move to dismiss all claims.  (*See generally* Mot.)

## II.     LEGAL STANDARD

    When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all allegations of material facts that are in the complaint and must construe all inferences in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint must (1) "contain sufficient allegations of underlying facts to

---

[2] In the alternative, Plaintiffs seek to represent subclasses comprised of similarly situated individuals residing in their respective states.  (*See id.* ¶¶ 1, 188.)

[3] The FAC lists the following: 2010-present Hyundai Accent; 2018 to present Hyundai Kona; 2010-2020 Hyundai Elantra; 2012 to present Hyundai Veloster; certain 2009 to present Hyundai Tucson; 2012 to present Kia Rio; 2010 to present Kia Soul; certain 2019-2020 Kia Forte; and certain 2017 to present Kia Sportage.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01503-JLS-ADS            Date: May 05, 2021
Title: Sara Pelayo et al v. Hyundai Motor America, Inc. et al

give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Although for the purposes of a motion to dismiss [the Court] must take all of the factual allegations in the complaint as true, [it] '[is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

      Claims sounding in fraud must also pass muster under Rule 9(b) of the Federal Rules of Civil Procedure, which requires that allegations of fraud be made "with particularity." *See* Fed. R. Civ. P. 9(b). To satisfy Rule 9(b)'s higher pleading standard, plaintiffs bringing claims sounding in fraud must sufficiently allege "'the who, what, when, where, and how' of the misconduct charged[.]" *Brenner v. Procter & Gamble Co.*, No. SACV 16-1093-JLS-JCG, 2016 WL 8192946, at *5 n.5 (C.D. Cal. Oct. 20, 2016) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). However, "[w]hile the factual circumstances of the fraud itself must be alleged with particularity, the state of mind—or scienter—of the defendants may be alleged generally." *Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007) (citing *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir.1994)); Fed. R. Civ. P. 9(b).

      Finally, the Court may not dismiss a complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks omitted).

### III. DISCUSSION

      Defendants move to dismiss Plaintiffs' claims asserting common law fraud and violations of various state consumer protection laws, arguing that (1) Plaintiffs fail to plead a defect under Rule 8, (2) Plaintiffs fail to meet the Rule 9(b) pleading standard for fraud-based claims, (3) Plaintiffs are barred from obtaining equitable relief under the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01503-JLS-ADS                                    Date: May 05, 2021
Title:  Sara Pelayo et al v. Hyundai Motor America, Inc. et al

UCL and the CLRA, (4) Plaintiffs cannot bring claims under both the CLRA and LPLA, (5) Plaintiffs' FDUTPA claim is time-barred, and (6) Plaintiffs lack standing to assert claims on behalf of putative class members who purchased vehicle models different from their own.  (Mot. at 5–23.)  The Court takes these arguments in turn.

      **A.**     **Failure to Allege a Defect**

Defendants first argue that Plaintiffs fail to state a claim under Federal Rule 8(a)(2) because the FAC does not plead a defect.  Specifically, Defendants aver that the FAC "blame[s] all purported engine issues on a purported decrease in manufacturing and assembly quality, not an inherently flawed design" (Mot. at 5 (citing FAC ¶¶ 127–132)), but it fails to describe any specific defect resulting from the allegedly poor manufacturing quality.  Defendants further contend that while the FAC alleges a number of disparate symptoms stemming from a purported defect—e.g., engine stalling, ticking noises, spark plug and ignition coil burnout, and excessive oil consumption (FAC ¶ 10)—it fails to explain how these symptoms resulted from a common cause, and therefore fails to put Defendants on notice of the defect at issue.  The Court agrees.

In their opposition, Plaintiffs argue that they have pleaded a specific defect by alleging that the Gamma Engines are defective in that they are "prone to stalling and engine fires while in motion, as well as excessive oil consumption and premature engine failure prior to the expected lifetime of the engine."  (Opp. at 3 (citing FAC ¶¶ 1, 4, 5).)  The facts before this Court in *Sonneveldt v. Mazda Motor of America, Inc*. provide a helpful point of comparison.  2021 WL 62502, at *3 (C.D. Cal. Jan. 4, 2021).  There, the Court concluded that plaintiffs had sufficiently pleaded a defect in the class vehicles where the complaint set forth that the water pumps in the class vehicles failed prematurely; unlike external water pumps, the internal water pump in the subject vehicles allowed coolant to leak from the water pump directly into the oil pan and mix with oil; this destructive coolant-oil mixture could then circulate through the engine, causing the engine to seize and suddenly fail; and this sudden failure led to costly repairs or engine replacements.  *Sonneveldt v. Mazda Motor of Am., Inc*., 2021 WL 62502, at *3 (C.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01503-JLS-ADS                                    Date: May 05, 2021
Title:  Sara Pelayo et al v. Hyundai Motor America, Inc. et al

Jan. 4, 2021).  Here, by contrast, Plaintiffs have failed to allege that any specific design feature, component, mechanism, or function within the Gamma Engines is defective.  Instead, Plaintiffs aver only that the Gamma Engines are "prone" to "stalling and engine fire," "excessive oil consumption," and "premature engine failure."  But these generalized and disparate symptoms fail to put Defendants on notice of any specific defect.

Also instructive on this point is the decision in *Callaghan v. BMW of North America LLC*, 2014 WL 6629254, at *3 (N.D. Cal. Nov. 21, 2014).  There, the court dismissed plaintiffs' claims for fraud and violation of state consumer protection laws where the complaint alleged that the class vehicles' automatic transmissions were "prone" to premature failure; did not last for ten years as they were intended; and that the premature failure was "unavoidable" and "dangerous."  The court found that plaintiffs had failed to adequately allege a defect because they "never descend[ed] below [a] 10,000 foot level of generality, [making it] impossible to discern from the allegations the specific nature of this supposedly unavoidable, class-wide 'defect.'"  *Id.*  The court reasoned that if it allowed plaintiffs' claims to proceed on such vague allegations of a defect, "the scope of discovery arguably would include a request calling for defendants to produce everything relating to the automatic transmissions of the [class vehicles]."  *Id.*  Here, as in *Callaghan*, Plaintiffs' allegations that Gamma Engines are "prone" to fail in various ways are vague and fail to put Defendants on notice of any specific defect.

Plaintiffs argue that they have sufficiently alleged a defect because they have pleaded *how* the defect occurred.  (Opp. at 3–5.)  Their theory boils down to this: the Class Vehicles are equipped with Gamma Engines, which are "prone to the build-up of carbon residue, excessive oil consumption, and flash burns in the cylinders," (FAC ¶ 132), and require "precise and robust" manufacturing, assembly, and quality control processes in the production and installation process.  (FAC ¶ 129.)  The FAC reasons that, because Defendants were under pressure to ramp up production to meet consumer demand, they failed to maintain the high-quality manufacturing and inspection processes required to ensure Gamma Engines are safe.  (FAC ¶ 131.)  Therefore, the FAC infers,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01503-JLS-ADS                                                      Date: May 05, 2021
Title:  Sara Pelayo et al v. Hyundai Motor America, Inc. et al

the defect causing the fires must be related to Defendants' "[f]ailure to meet design specifications," leading to "components which fail to fit together properly, break down, and are prone to damage themselves and other engine components, and cause the Defect."  (FAC ¶ 132.)  But Plaintiffs' theory that Defendants, through their negligence, failed to prevent *some* defect in the Gamma Engines is, again, insufficient notice of *what* defect is at issue.

In sum, the FAC describes only the *effects* of the alleged defect, which is insufficient.  *Accord Sciacca v. Apple, Inc*., 362 F. Supp. 3d 787, 797 (N.D. Cal. 2019) (dismissing claims under California's consumer protection statute where the plaintiff alleged that Apple Watch screens were "detaching, cracking, and shattering," but failed to describe the defect causing these effects).  Because the allegedly concealed defect is at the heart of each of Plaintiffs' claims, the Court dismisses the FAC in its entirety for failure to sufficiently plead a claim under Rule 8.  However, the deficiencies identified herein may be curable, and therefore the Court grants Plaintiffs leave to amend.  Accordingly, the Court reaches Defendants' other arguments below.

### B.     Fraud-Based Claims

"The elements of fraud in California are: '(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.'"  *Avedisian v. Mercedes-Benz USA, LLC*, No. CV 12-00936 DMG CWX, 2013 WL 2285237, at *8 (C.D. Cal. May 22, 2013) (citing *Robinson Helicopter Co. v. Dana Corp*., 34 Cal. 4th 979, 990 (2004)).  The standard for fraud under other applicable state laws is similar in relevant respects to California law for purposes of this analysis.  (Mot. at 10–18 (collecting cases).)

Defendants argue that Plaintiffs' claims for common law fraud, unjust enrichment, and those claims asserted under the various state consumer protection laws should be dismissed for the alternate reason that the FAC fails to plead fraud with particularity under Rule 9(b).  (Mot. at 10–18.); *see also Dorsey v. Portfolio Equities, Inc*., 540 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01503-JLS-ADS                                                         Date: May 05, 2021
Title:  Sara Pelayo et al v. Hyundai Motor America, Inc. et al

333, 338-39 (5th Cir. 2008) ("[S]tate-law fraud claims are subject to the pleading requirements of Rule 9(b)."); *Drake v. Toyota Motor Corp.*, No. 2:20-CV-01421-SB-PLA, 2020 WL 7040125, at *10 (C.D. Cal. Nov. 23, 2020) ("When an unjust enrichment claim is rooted in the same misrepresentations as other fraud-based claims, it 'also sounds in fraud and is subject to Rule 9(b)'s heightened pleading requirements.'").  Specifically, Defendants argue that (1) Plaintiffs have failed to identify any specific misrepresentations or omissions; (2) Plaintiffs have failed to adequately plead reliance; and (3) Plaintiffs have failed to plead that defendants knew of the purported defect (and falsity of any statement) at the time of plaintiffs' transaction.  Plaintiffs do not dispute that their state-law claims sound in fraud but maintain that they meet Rule 9(b)'s heightened pleading standard.  (Opp. at 10.)

### 1.  Failure to Adequately Plead Omissions

Plaintiffs' theory of misrepresentation is ultimately based on Defendants' nondisclosure of the defect.  (*See* Opp. at 11.)  "To plead the circumstances of omission with specificity, a plaintiff must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information."  *Garcia v. Gen. Motors LLC*, No. 1:18 CV 01313-LJO BAM, 2019 WL 1209632, at *8 (E.D. Cal. Mar. 14, 2019) (internal citations omitted); *Parenteau v. Gen. Motors, LLC*, No. CV 14-04961-RGK MANX, 2015 WL 1020499, at *7 (C.D. Cal. Mar. 5, 2015).

As discussed above, Plaintiffs' allegations that the class vehicles are "prone" to certain symptoms does not sufficiently plead a defect.  Assuming Plaintiffs can amend to overcome this defect, however, Plaintiffs have also failed to identify where, when, and how Defendants failed to disclose the defect.  Plaintiffs first point to the FAC's allegations that each of them "reviewed the [] brochure for [their vehicle] as well as the Monroney Sticker or 'window sticker' which listed official information about the vehicle," and that, based thereon, they believed they were purchasing a safe and reliable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01503-JLS-ADS                                                          Date: May 05, 2021
Title:  Sara Pelayo et al v. Hyundai Motor America, Inc. et al

vehicle.  (FAC ¶¶ 24, 37, 51, 62, 82.)  But Plaintiffs have failed to set forth *any* facts about the content of those brochures or Monroney Stickers.  The Court cannot infer from these conclusory allegations that information about a defect "should or could have been revealed," in the materials Plaintiffs reviewed.  *Garcia,* 2019 WL 1209632, at *8.  In sum, the FAC's generalized allegations fail to draw a link between the allegedly omitted information, and the channels through which Plaintiffs contend the information should or could have been revealed.

Plaintiffs also rely on the FAC's allegation that Defendants issued 12 separate service campaigns and recalls for a portion of the Class Vehicles, but that they directed these notices to dealers only, not to consumers.  (*See* Opp. at 14; *see* FAC ¶ 147–160)  But the FAC's allegations about service campaigns and recalls merely create an inference that *some* vehicles equipped with Gamma Engines were prone to problems.  Having failed to identify any specific defect, Plaintiffs also fail to specifically plead that the service campaigns and recalls that Defendants allegedly hid from them disclosed information about that defect.

Because Plaintiffs have failed to plead any specific misleading statements or partial omissions, whether Defendants had an affirmative duty to disclose any alleged defect turns on whether they had knowledge of the defect.  *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1097 (N.D. Cal. 2007) ("[Defendant] had a duty to disclose any known defects in the speedometers.")  The Court now turns to the knowledge element.

### 2. Pre-Sale Knowledge of Defect

Defendants also argue that Plaintiffs have failed to adequately plead they had knowledge of the defect.  (Mot. at 15–18.)  Plaintiffs do not dispute that their fraudulent omission and fraudulent concealment claims require them to allege that Defendants had knowledge of the alleged defect at the time of sale or lease.  As an initial matter, "'[w]hile circumstances constituting fraud must be alleged with particularity, knowledge may be alleged generally.'"  *McCarthy v. Toyota Motor Corp.*, No. 8:18-CV-00201-JLS-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01503-JLS-ADS                                                   Date: May 05, 2021
Title:  Sara Pelayo et al v. Hyundai Motor America, Inc. et al

KES, 2019 WL 3220579, at *4 (C.D. Cal. Apr. 9, 2019) (analyzing whether plaintiff adequately pleaded pre-sale knowledge of a defect).

Plaintiffs argue that they have sufficiently pleaded that Defendants had knowledge of the defect because they have pleaded "complaints to NHTSA which Defendants were required to monitor beginning in 2010, lawsuits, NHTSA's own investigation, and Defendants' own TSBs, 'service campaigns,' and recalls, beginning in 2009, which taken together, support an inference of pre-sale knowledge." (*See* Opp. at 14 (citing FAC ¶¶ 132–59).)  But, as Defendants point out, investigations, complaints, and service campaigns "can arise from disparate, unrelated, and idiosyncratic causes, that do not necessarily reflect a [common] defect." (Mot. at 16.)  Plaintiffs do not plead that these sources disclosed information about a common defect in the Gamma Engine, let alone a defect in the vehicle models that Plaintiffs purchased.  For example, Defendants point out, the NHTSA investigation that prompted the December 2020 recall examined "all [Hyundai] vehicles of all model years" equipped with Gamma GDI engines and considered materials provided by defendants in August 2019. (Reply at 11 (citing NHTSA Complaints, Doc. 49-4).)  After review of the information, NHTSA concluded that the only Gamma GDI vehicle that warranted recall was the 2015-2016 Hyundai Veloster—which none of the plaintiffs own. (*Id*.)  In sum, Plaintiffs fail to plead any connection between the generalized complaints about cars equipped with Gamma Engines and Defendants' knowledge that the Gamma Engines at issue here were prone to fires.

The Court therefore concludes that Plaintiffs have failed to plausibly plead pre-sale knowledge.

**3.  Reliance**

Having concluded that Plaintiffs fail to identify any specific omissions, or to plausibly plead that Defendants had knowledge of a defect, the Court does not reach Defendants' additional argument that Plaintiffs have failed to plead reliance on any misrepresentations or omissions.  Plaintiffs' claims for common law fraud, unjust enrichment, and those claims asserted under the various state consumer protection laws

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01503-JLS-ADS            Date: May 05, 2021
Title: Sara Pelayo et al v. Hyundai Motor America, Inc. et al

are DISMISSED for the alternate reason that the FAC fails to plead fraud with particularity under Rule 9(b).

### C. Warranty Claims

Defendants next argue that Plaintiffs' warranty-based claims fail. The Court takes each of Defendants' arguments in turn. (Mot. at 18–23.)

#### 1. Breach of Express Warranty

"To prevail on a breach of express warranty claim, a plaintiff must prove that the seller (1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." *McCarthy v. Toyota Motor Corp.*, No. 8:18-cv-00201-JLS-KES, 2018 WL 6318841, at *7 (C.D. Cal. Sept. 14, 2018) (quoting *Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1333 (C.D. Cal. 2013)). However, when the parties are not in privity, "California law requires a showing that a plaintiff relied on an alleged warranty." *Id.*[4]

Here, Plaintiffs' breach of express warranty claim is based on the New Vehicle Basic Limited Warranty, lasting 5 years or 60,000 miles and a Powertrain Limited Warranty, lasting 10 years or 100,000 miles. (FAC ¶ 217.) As Defendants correctly argue, Plaintiffs have failed to identify any express term of the warranty they allege was breached. (Mot. at 19.) Instead, Plaintiffs state in conclusory fashion that the warranties "covered defective components arising out of defects in materials and/or workmanship, including the Defect," and "Defendants were required to repair the Class Vehicles under the terms of the warranties free of charge." (FAC ¶¶ 16, 264.) Under California law,

---

[4] The other applicable state laws are similar; however, Missouri and Virginia law do not require reliance. *Gillan v. Wright Med. Tech. Inc.*, 396 F. Supp. 3d 844, 849 (E.D. Mo. 2019); *Porter v. DePuy Orthopaedics, Inc.*, No. 3:19CV007 (REP), 2019 WL 3979656, at *10 (E.D. Va. Aug. 6, 2019), *report and recommendation adopted*, No. 3:19CV7, 2019 WL 3978407 (E.D. Va. Aug. 22, 2019).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01503-JLS-ADS                                                             Date: May 05, 2021
Title:  Sara Pelayo et al v. Hyundai Motor America, Inc. et al

"plaintiff must allege the 'exact terms of the warranty.'"  *Cadena v. Am. Honda Motor Co.*, No. CV18-4007 MWF (PJWX), 2018 WL 8130613, at *8 (C.D. Cal. Nov. 14, 2018); *accord Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1178 (S.D. Cal. 2012) ("Defendant is correct that a breach of express warranty claim must describe the exact terms of the warranty at issue.").  Accordingly, Plaintiffs' express warranty claims are DISMISSED on this basis.

Having concluded that Plaintiffs have failed to identify any specific terms they allege were breached, the Court does not reach Defendants' argument that Plaintiffs have failed to plead reasonable reliance on an alleged warranty.

### 2.  Song-Beverly Claim—California

Defendants also move to dismiss Pelayo's claim under the Song-Beverly Act, arguing that her claims fail as a matter of law because she purchased her vehicle in August 2016, but she does not allege any problems with her vehicle in the year following her purchase, and she does not allege she ever gave Defendants an opportunity to repair. (Mot. at 22.)

A plaintiff claiming a breach of express warranty is required to "give the defendant a chance to perform warranty service before the defendant can be held liable for breach of warranty."  *In re Myford Touch Consumer Litig.*, No. C-13-3072 EMC, 2015 WL 5118308, at *5 (N.D. Cal. Aug. 31, 2015).  Here, only the Martins allege that they presented their vehicle for repair.  (*See* FAC ¶¶ 66–70.)  Accordingly, Pelayo's express warranty claim is dismissed on this alternate basis. *See Daugherty v. Am. Honda Motor Co.*, 51 Cal. Rptr. 3d 118, 122 (Ct. App. 2006) (Courts "have expressly rejected the proposition that a latent defect, discovered outside the limits of a written warranty, may form the basis for a valid express warranty claim if the warrantor knew of the defect at the time of sale").

However, as to the implied warranty claim, Plaintiffs correctly argue that the "[t]here is no one-year manifestation requirement for a breach of *implied warranty* for a latent defect." (Opp. at 20.)  "The implied warranty of merchantability may be breached by a latent defect undiscoverable at the time of sale," so "[i]n the case of a latent defect, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01503-JLS-ADS                                                               Date: May 05, 2021
Title:  Sara Pelayo et al v. Hyundai Motor America, Inc. et al

product is rendered unmerchantable, and the warranty of merchantability is breached, by the existence of the unseen defect, not by its subsequent discovery." *Mexia v. Rinker Boat Co.,* 174 Cal. App. 4th 1297, 1304–05 (2009).  Defendants do not address this point in their reply brief.  As discussed in Section III. A., however, the FAC fails to adequately plead a specific defect.  For the reasons stated in that discussion, the FAC also fails to set forth that the vehicle had a *latent* defect at the time of purchase.  Whether Pelayo can sustain an implied warranty claim will turn, in part, on whether any amended complaint Plaintiffs file pleads a latent defect.

### 3. Implied Warranty—Florida

Under Florida law, a claim for breach of the implied warranty of merchantability requires that a plaintiff stand in vertical contractual privity with the defendant. *T.W.M. v. Am. Med. Sys., Inc*., 886 F. Supp. 842, 844 (N.D. Fla. 1995).  A manufacturer is not in privity with a buyer who purchases through a third-party seller, such as an authorized dealer.  *Brisson v. Ford Motor Co*., 349 F. App'x 433, 434–35 (11th Cir. 2009).

Defendants move to dismiss the McGregors' implied warranty claim because the FAC pleads that the McGregors purchased their vehicle from a dealership, not the Defendants.  (Mot. at 23.)  Plaintiffs do not dispute that privity of contract is required for a breach-of-implied-warranty claim under Florida law, but argue that the privity requirement is satisfied when a manufacturer has direct contacts with a consumer.  (Opp. at 22); *see Point Blank Sols., Inc. v. Toyobo Am., Inc.,* No. 09-61166-CIV, 2010 WL 4624274, at *1 (S.D. Fla. Nov. 4, 2010).  Plaintiffs maintain that they have sufficiently pleaded that Defendants "interfaced with consumers, and distributed service instructions, training, and updates to dealers." (Opp. at 22 (citing FAC ¶ 8).)  But Plaintiffs cite no authority for the dubious proposition that Defendants' distribution of training and service materials through dealerships is the type of "direct contact" that satisfies the privity requirement.  Plaintiffs have failed to allege any direct interaction with Defendants during the purchase of their vehicle.  Nor do they allege that Defendants made any direct representations to them about the warranty.  Plaintiffs' conclusory allegation that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01503-JLS-ADS                                Date: May 05, 2021
Title: Sara Pelayo et al v. Hyundai Motor America, Inc. et al

Defendants "interfaced with consumers" is not a factual allegation and does not lead to the plausible inference that Defendants interacted with the McGregors. Finally, Plaintiffs gesture at the argument that "[p]rivity may arise under a third-party beneficiary theory," but they provide no legal authority for the proposition that the third-party beneficiary theory provides an exception to the privity rule under Florida law. (Opp. at 22.)

In sum, Plaintiffs have not adequately pleaded an exception to Florida's privity requirement.

### 4. Breach of Redhibitory Warranties—Louisiana

Finally, Defendants argue that, under Louisiana law, Morgan's claim for breach of warranty against redhibitory defects fails because her LPLA claim does not meet the heightened pleading requirements of Rule 9(b). (Mot. at 23 (citing *Batiste v. Stryker Corp.*, 2020 WL 3451690, at *10 (M.D. La. June 24, 2020) ("Plaintiff has failed to state a claim for a defect under the LPLA and therefore, her redhibition claim also fails.")).) The Court dismissed Morgan's LPLA claim in Section III. B. However, because the Court granted Plaintiffs leave to amend their complaint to meet the heightened pleading requirement, the Court does not analyze this issue.

### D. Availability of Equitable Relief

Plaintiffs request equitable relief in the form of injunctive relief and restitution under the UCL and CLRA, and a separate claim for unjust enrichment. (FAC ¶¶ 181, 192, 211, 249–255.) Defendants argue that Plaintiffs are barred from seeking equitable relief because "[they] admit they have an adequate legal remedy—available through their breach of warranty claims—which necessitates dismissal of any claims for equitable relief." (Mot. at 6.)

Defendants rely on *Sonner v. Premier Nutrition Corporation* for the proposition that Plaintiffs must plead that they lack an adequate remedy at law in order to pursue equitable remedies. 971 F.3d 834, 844 (9th Cir. 2020), *as amended* (Aug. 20, 2020). In *Sonner*, the panel affirmed a district court's dismissal of a plaintiff's claims for restitution under the UCL and CLRA because an adequate remedy at law (i.e. damages) was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01503-JLS-ADS             Date: May 05, 2021
Title: Sara Pelayo et al v. Hyundai Motor America, Inc. et al

available. *Id.* at 837. The panel clarified that "even if a state authorizes its courts to provide equitable relief when an adequate legal remedy exists, such relief may be unavailable in federal court because equitable remedies are subject to traditional equitable principles unaffected by state law." *Id.* at 841

     Here, Plaintiffs fail to grapple with *Sonner* in their opposition, citing only to non-binding pre-*Sonner* decisions for the proposition that determining the adequacy of a remedy at law is premature at the pleadings stage. (Opp. at 5 (*Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1186 (N.D. Cal. 2017).) But, as this Court has noted in other recent decisions, *Sonner* stands for the proposition that "a plaintiff's failure to plead inadequate remedies at law dooms the claim for equitable relief at any stage." *See Audrey Heredia et al v. Sunrise Senior Living LLC*, Case No. 8:18-cv-01974-JLS-JDE, Doc. 325 (Feb. 10, 2021). Here, Plaintiffs have not pointed the Court to any factual allegations demonstrating the inadequacy of legal remedies.

     Moreover, Plaintiffs fail to plead a threat of future injury as required to establish standing for injunctive relief. *See Sanchez v. Wendys No.* 7421, No. 19-CV-00111-JLS-DFM, 2019 WL 6603177, at *2 (C.D. Cal. Sept. 3, 2019) ("[S]tanding to pursue injunctive relief requires the threat of future injury.") (citations omitted). Indeed, the FAC alleges that "Defendants decided to use Gamma MPI engines in 2020 model year vehicles, in part because they are less susceptible to spontaneously bursting into flame because the engines are subject to significantly less pressure and more forgiving of manufacture defects." (FAC ¶ 11.) It therefore appears that the FAC's allegations undermine any inference that the harms stemming from the Gamma Engines are ongoing.

     Accordingly, Defendants' motion to dismiss equitable claims for relief is GRANTED without prejudice.

     **E.    Morgan's CLRA and LPLA Claims**

Defendants next argue that Morgan's CLRA claim must be dismissed because she also asserts a claim under the LPLA, which is an exclusive remedy and preempts a damages claims against a manufacturer under any theory other than a claim of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01503-JLS-ADS                                            Date: May 05, 2021
Title:  Sara Pelayo et al v. Hyundai Motor America, Inc. et al

redhibition.  (Mot. at 9 (citing *Touro Infirmary v. Sizeler Architects*, 947 So. 2d 740, 744 (La. Ct. App. 2006) ("Courts have consistently held the LPLA subsumes all possible causes of action, with the exception of a claim in redhibition.").)

"[T]he LPLA establishes four exclusive theories of liability: defective design, defective construction, failure to warn, and breach of warranty."  *Grenier v. Med. Eng'g Corp.*, 243 F.3d 200, 204 (5th Cir. 2001).  Under the LPLA, "a manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous."  La. Stat. Ann. § 9:2800.54.  Courts have declined to preclude plaintiffs who bring an LPLA claim from pleading other theories of liability in the alternative where the LPLA's applicability is in doubt.  *See Becnel v. Mercedes-Benz USA, LLC*, No. CIV.A. 14-0003, 2014 WL 1918468, at *8 (E.D. La. May 13, 2014) (allowing plaintiff to plead alternate theories of liability where it was unclear whether defendant was a "manufacturer" and therefore covered by LPLA).

In *Mazza v. American Honda Motor Co., Inc.*, the Ninth Circuit held that "each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place."  666 F.3d 581, 594 (9th Cir. 2012).  Here, the FAC pleads that Morgan purchased her vehicle from Sparks Nissan Kia, an authorized Kia dealer located in Monroe, Louisiana.  (FAC ¶ 49.)  Plaintiffs argue that this choice-of-law inquiry is premature, and would benefit from discovery, but fail to explain how discovery might bring to light additional facts material to the analysis.  (*See* Opp. at 7–8.)  Accordingly, Louisiana law applies, and precludes Morgan from asserting a CLRA claim.

The Court has already dismissed the LPLA and CLRA claims without prejudice for the reasons stated in Section III.A.  However, the Court notes that, assuming Plaintiffs can amend their complaint to plead a defect, Morgan may not plead a CLRA claim in the alternative to an LPLA claim.

    **F.**    **McGregors' FDUTPA Claim**

Defendants also argue that the McGregors' claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") is time-barred.  (Mot. at 9–10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01503-JLS-ADS                                Date: May 05, 2021
Title: Sara Pelayo et al v. Hyundai Motor America, Inc. et al

The statute of limitations period is four years for an FDUTPA claim, Fla. Stat. § 95.11(3)(f). Here, the McGregors bought their vehicle in August 2014, six years before filing this action. (FAC ¶ 35.) Claims under FDUPTA generally begin to accrue upon purchase because the discovery rule does not apply to FDUPTA claims. (Mot. at 9-10; Opp. at 8); *see Speier-Roche v. Volksw Agen Grp. of Am. Inc.*, 2014 WL 1745050, at *6 (S.D. Fla. Apr. 30, 2014) ("A FDUTPA claim accrues at the time of purchase or lease of a product, not upon discovery of an alleged defect.").

Plaintiffs do not dispute that the limitations periods began to accrue from the date of purchase but argue that they should be tolled based on fraudulent concealment. (Opp. at 8.) As discussed above, Plaintiffs have failed to adequately plead fraud; thus, they have likewise failed to plead that the relevant limitations periods were tolled. The Court has already dismissed the FDUPTA claim without prejudice, but further notes that this claim is time-barred unless Plaintiffs cure their allegations of fraudulent concealment.

### G. Standing

Finally, Defendants argue that Plaintiffs' class allegation should be stricken except as to the 2016 Hyundai Accent, 2015 Kia Rio, 2016 Kia Soul, and 2019 Kia Rio. (*See* Mot. at 23-25.) Defendants contend that Plaintiffs cannot assert claims on behalf of those who purchased or leased Hyundai and Kia vehicles equipped with Gamma Engines other than the four models that Plaintiffs owned.

Courts have generally held that "a named plaintiff may assert class claims regarding products he has not purchased if he or she adequately pleads 'sufficient similarity' between the products purchased and not purchased." *Precht v. Kia Motors Am., Inc.*, 2014 WL 10988343, at *16 (C.D. Cal. Dec. 29, 2014); *see also Davidson v. Apple, Inc.*, 2018 WL 2325426, at *9 (N.D. Cal. May 8, 2018) (finding, at the class certification stage, that plaintiffs "made a strong case as to why the iPhone 6 and iPhone 6 Plus are substantially similar, and the allegedly distinguishing features are little more than minor configuration and size differences").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01503-JLS-ADS                                              Date: May 05, 2021
Title:  Sara Pelayo et al v. Hyundai Motor America, Inc. et al

     Here, however, the Court cannot evaluate whether Plaintiffs have standing to sue on behalf of all consumers who own vehicles equipped with the Gamma Engines.  As discussed above, Plaintiffs have failed to sufficiently plead a defect common to all Gamma Engines.  And because Plaintiffs have failed to identify a defect, they have also necessarily failed to plead whether the Gamma Engines in all the vehicles they seek to include in the class are substantially similar in relevant respects.

**IV.      CONCLUSION**

     For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss. Plaintiffs are GRANTED LEAVE TO AMEND the pleading, correcting the deficiencies identified herein in a manner consistent with all Rule 11 obligations.  Plaintiffs may not add claims or new defendants to their pleading.  Any amended complaint shall be filed within twenty-one (21) days of the date of this Order.  Any claim not included in a timely-filed amended complaint will be deemed dismissed.

                                                        Initials of Deputy Clerk: mku